## KANSAS & A. V. RY. CO. v. MORTON.

(Circuit Court of Appeals, Eighth Circuit.   May 7, 1894.)

### No. 372.

NEGLIGENCE—ADMISSION IN PLEADING.

The answer of a railway company, in an action against it for personal injuries alleged to have been received by plaintiff while employed by bridge builders in the employ of the company, averred that he was employed by the company, and that his injuries were caused wholly by negligence of his fellow servants in such employment. *Held*, that this admission of culpable negligence of its servants precluded the company from maintaining on the trial that the injury was due to inevitable accident, and was not occasioned by its negligence.

In Error to the United States Court in the Indian Territory.

This was an action by Thomas H. Morton against the Kansas & Arkansas Valley Railway Company for personal injuries.   At the trial the jury found a verdict for plaintiff.   Judgment for plaintiff was entered thereon.   Defendant brought error.

George E. Dodge and B. S. Johnson filed brief for plaintiff in error.

William M. Cravens filed brief for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge.   The plaintiff in error was sued by the defendant in error, in the United States court in the Indian Territory, in an action for personal injuries.   The defendant in error charged in his complaint that he was employed as a cook by a party of bridge builders, who were in turn employed by the defendant railway company, and were engaged in building bridges for the company, which employment required them to move from point to point on the defendant's railroad in a train provided with two caboose cars for the use of said gang of bridge builders; that the plaintiff, by virtue of his employment as cook, had the right to pass over the defendant's railroad, and to use the two cabooses aforesaid for the purpose of cooking for the men who employed him, and also for the purpose of sleeping therein at night; that as the two cabooses in question were standing on the side track at Vian Station, in the Indian Territory, on the night of September 22, 1892, and while the plaintiff was sleeping in one of said cabooses which was used for that purpose, a switch leading from the main track to the side track was left open through the carelessness of the defendant's employes, and that by reason thereof the caboose was run into by a passing freight train belonging to the defendant company, which was also carelessly operated by those in charge thereof, and that in consequence of the collision the plaintiff sustained serious injuries, for which he claimed damages in the sum of $5,000.

To this complaint the railway company filed an answer, in which it denied that the plaintiff was an employe of said gang of bridge builders.   On the contrary, it averred that the plaintiff was em-

ployed by the railway company itself. It admitted that the caboose in which the plaintiff was sleeping was run into by one of its trains, but it denied that the defendant had been guilty of any negligence for which it was responsible to the plaintiff, because the injuries sustained by the plaintiff were "caused wholly through and by reason of the negligence of his fellow servants in the management of its train, and in the leaving open of the switch, as charged by the plaintiff." The answer further denied that the plaintiff had sustained serious injuries, as charged in his complaint. As the pleadings stood when the case went to trial, the issues of fact arising thereunder were—First, whether the plaintiff was an employe of the railway company or an employe of the gang of bridge builders; and, secondly, whether he had sustained injuries by reason of the collision, and the extent of said injuries. On a trial of these issues the jury returned a verdict in favor of the plaintiff, upon which verdict a judgment was afterwards entered. To reverse the judgment, the railway company has sued out the present writ of error.

A number of exceptions were taken to instructions given by the trial court, all of which exceptions have been embraced in the assignment of errors. But in this court only two propositions have been argued by the plaintiff in error, and they are as follows: In the first place it is said that the railway company was only bound to exercise ordinary care to avoid injuring the plaintiff, and it is claimed that the trial court so charged the jury as to exact of the company a higher degree of care and diligence. In the second place it is said that the burden was on the plaintiff to prove his case, and that he utterly failed to show that the defendant was negligent in the discharge of any duty which it owed to the plaintiff. It may be conceded, as stated in the first of these propositions, that ordinary care was the full measure of the duty which the defendant company owed to the plaintiff under the circumstances disclosed by the testimony; but a careful examination of the charge satisfies us, beyond any reasonable doubt, that this was the view taken by the trial court, and clearly enforced in all of its instructions. Our attention has not been directed to a single paragraph of the charge where a higher degree of care was required of the defendant company. But a more conclusive answer to both of the foregoing propositions is this: The defendant's answer, as we have above shown, admitted that the collision was occasioned by the culpable negligence of persons who were in its employ. By its answer it rested its defense to the action upon the ground that the plaintiff was not in the service of the bridge builders, but in its service, and was therefore a fellow servant of the persons through whose fault, in leaving the switch open, the collision had been occasioned. This, and the further plea that the plaintiff had not sustained any serious injury, were the sole issues to be tried, as we feel constrained to construe the pleadings.

On the trial of the case, an attempt appears to have been made—unconsciously, perhaps—to shift the ground of defense by showing that the collision was due to inevitable accident, and that it was not occasioned by negligence. We find nothing in the testimony,

however, which fairly tends to support such a defense. The switch was certainly left open and unguarded through the carelessness of some one in the employ of the railway company; but even if there had been some testimony which tended to support the last-mentioned defense, yet such defense was not pleaded, and it would still be necessary to hold the defendant bound by the admission contained in its answer. The testimony shows very conclusively, and so the jury have found under proper instructions, that the plaintiff was really in the service of the bridge builders, and was not a fellow servant of those persons through whose carelessness the switch was left open. This fact is practically conceded by counsel for the plaintiff in error. It follows that no prejudicial error was committed by the trial court, and its judgment is therefore affirmed.